UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
PAMELA CARVEL,

                Plaintiff,

      -against-                              09 Civ. 0722 (LAK)

LEONARD ROSS, et al.,

                Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED #: 3/11/11

**ORDER**

LEWIS A. KAPLAN, *District Judge*.

        In a painstaking 85-page report and recommendation (the "R&R"), Magistrate Judge James C. Francis IV recommended that the defendants' motions to dismiss the remainder of plaintiff's claims with the exception of her claim for breach of contract against Joel Aurnou, Frank Streng and McCarthy Fingar LLP (the latter two defendants being referred to herein "McCarthy Defendants"). It addresses also certain other motions. The McCarthy Defendants object to the proposed denial of that aspect of their motion to dismiss, and the plaintiff to all other aspects of the R&R.

        The McCarthy Defendants argue that Judge Francis erred because the October 13, 2000 retainer agreement is the basis of the contract claim and it nowhere states that they undertook to seek reimbursement of sums plaintiff advanced to other law firms, the obligation that plaintiff alleges they breached. Aurnou makes a similar argument based on plaintiff's failure to furnish the Court with a copy of the retainer agreement that he signed. Both contend also that the contract claim should have been dismissed because plaintiff characterized her claim in a way that sounded in legal malpractice, a theory dismissed on another ground, and not in contract.

        The first argument is without merit because the Aurnou retainer, at least so far as the objections disclose, is nowhere in the record and because the McCarthy Defendants' retainer [DI 55, Ex. F] does not unequivocally establish the scope of their retention. The Court therefore cannot fault Judge Francis' conclusion that the complaint sufficiently alleges a breach of contract in the respect discussed in the R&R.

        Nor can I fault the R&R on the second basis. In determining the sufficiency of a complaint, the question is whether the facts alleged, if proved, make out a claim for relief. The

2

plaintiff's characterization of a legal theory is not dispositive, least of all where the plaintiff as here is proceeding *pro se*.

Plaintiff's objections are entirely without merit.

Accordingly, the motions to dismiss of defendants Frank Streng, McCarthy & Fingar LLP and Joel Aurnou [DI 10]; defendants Leonard Ross and Jack Matza [DI 16]; and defendants Blank Rome, Markewich & Rosenstock, s/h/a Blank Rome, and Eve Rachel Markewich [DI 28], all are granted in all respects except that the motion of Messrs. Streng and Aurnou and McCarthy & Fingar is denied solely with respect to plaintiff's claim for breach of contract described in the R&R. Plaintiff's motions [DI 39 and 46] are denied in all respects. In addition, the application of the Blank Rome defendants for an injunction is granted for the reasons stated in the R&R. Plaintiff be and she hereby is enjoined and restrained from filing further complaints against Blank Rome, Markewich & Rosenstock, s/h/a Blank Rome, Markevich & Rosenstock, Eve Rachel Markewich, Herbert Bockstein, and Peter Valente without the prior approval of this Court.

SO ORDERED.

Dated:      March 10, 2011

_____
Lewis A. Kaplan
United States District Judge