```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - -:
PAMELA CARVEL,                          :  09 Civ. 0722 (LAK) (JCF)
                                        :
            Plaintiff,                  :       REPORT AND
                                        :      RECOMMENDATION
      - against -                       :
                                        :
LEONARD ROSS, ROSS & MATZA, EVE         :
MARKEWICH, MARKEWICH & ROSENSTOCK,      :
BLANK ROME, FRANK STRENG, McCARTHY      :
FINGAR, JOEL ARNOU, ANTHONY             :
SCARPINO, JOHN/JANE DOE 1-20, DOE       :
CO. 1-20,                               :
            Defendants.                 :
- - - - - - - - - - - - - - - - - - - -:
```
TO THE HONORABLE LEWIS A. KAPLAN, U.S.D.J.:

In the original complaint in this action, the plaintiff, Pamela Carvel, asserted a host of claims concerning the alleged mishandling of the estate of her uncle, the ice cream magnate Thomas Carvel. In a Report and Recommendation dated February 16, 2011, I recommended that all of the causes of action be dismissed except for a breach of contract claim asserted against the law firm McCarthy Fingar LLP and two of its attorneys, Joel Aurnou and Frank Streng. Carvel v. Ross, No. 09 Civ. 722, 2011 WL 856283, at *1, 19-20, 34 (S.D.N.Y. February 16, 2011). The Honorable Lewis A. Kaplan, U.S.D.J. subsequently adopted that recommendation. 2011 WL 867568 (S.D.N.Y. March 11, 2011). Thereafter, I set a schedule by which all discovery was to be completed by May 16, 2011 and the pretrial order submitted by June 15, 2011. (Order dated March 14,

2011).

Apparently, Ms. Carvel took no discovery, and no pretrial order was submitted by the due date. I therefore issued an order on June 23, 2011 directing the plaintiff to show cause in writing by July 8, 2011 why the action should not be dismissed for failure to prosecute pursuant to Rules 16(f) and 41(b) of the Federal Rules of Civil Procedure. (Order to Show Cause dated June 23, 2011). The plaintiff did not respond. Accordingly, for the reasons set forth below, I recommend that the plaintiff's remaining claim be dismissed.

Discussion

Rule 16(f) of the Federal Rules of Civil Procedure provides that "if a party . . . fails to obey a scheduling or other pretrial order," the court "may issue any just orders including those authorized by Rule 37(b)(2)(A)(ii)-(vii)." Rule 37(b)(2)(A)(v), in turn, authorizes dismissal of the action as a sanction. Rule 41(b) provides in pertinent part that "[if] the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "[A] federal district court has the inherent power to dismiss a case sua sponte for failure to prosecute, even though the language of Federal Rule of Civil Procedure 41(b) appear[s] to require a motion from a party." Chambers v. NASCO, Inc., 501 U.S. 32, 49

2

(1991).

Dismissal under Rule 41(b) is a harsh remedy that is only appropriate in extreme circumstances.  Spencer v. Doe, 139 F.3d 107, 112 (2d Cir. 1998); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993).  In determining whether dismissal is appropriate, courts consider:

> (1) the duration of the plaintiff's failure to comply with the court order; (2) whether the plaintiff was on notice that failure to comply would result in dismissal; (3) whether the defendants are likely to be prejudiced by further delay in the proceedings; (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard; and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

Spencer, 139 F.3d at 112-13 (citations omitted); see also Peart, 992 F.2d at 461 (citations omitted).

By failing to engage in discovery that was to be commenced in March, the plaintiff stalled this action by at least four months. Moreover, there is no foreseeable end to the current standstill, since it is impossible to know when the plaintiff might reemerge and seek to revive this litigation.

The Order to Show Cause explicitly gave the plaintiff notice that her case was on the brink of dismissal, and therefore she has been properly warned of the consequences of not responding.  In addition, the delay created by the plaintiff's refusal to participate in discovery is clearly prejudicial.  See United States

ex rel. Roundtree v. Health and Hospitals Police Department, No. 06 Civ. 212, 2007 WL 1428428, at *1-2 (S.D.N.Y. May 14, 2007) (case dismissed because plaintiff failed to provide court or defendants with contact information); Mathews v. U.S. Shoe Corp., 176 F.R.D. 442, 445 (W.D.N.Y. 1997) (case dismissed because defendant was prejudiced by pro se plaintiff's failure to comply with defendant's discovery requests). The plaintiff's non-compliance has left the defendants unable to prepare their defense, since discovery would provide the basic information necessary to proceed.

A balancing between the Court's interest in efficient adjudication and the plaintiff's interest in having her day in court must, in this instance, favor dismissal. While one case more or less has little impact on the Court's docket, the plaintiff's claim on the Court's time is undermined by her failure to engage in discovery. See Lediju v. New York City Department of Sanitation, 173 F.R.D. 105, 111-12 (S.D.N.Y. 1997); Lukensow v. Harley Cars of New York, 124 F.R.D. 64, 67 (S.D.N.Y. 1989).

Finally, "no sanction less than dismissal will alleviate the prejudice to defendant[s] of continuing to keep this action open." Amoroso v. County of Suffolk, No. 08 CV 826, 2010 WL 2985864, at *3 (E.D.N.Y. July 21, 2010) (dismissing case for failure to prosecute where plaintiff ignored deadline for joint-pretrial order and failed to respond to communications from defendant and court). The

remaining defendants have already suffered prejudice to their ability to prepare for dispositive motions or trial.  While an adverse inference might in some circumstances be a sufficient remedy, that is not the case here.  The plaintiff has failed to engage in discovery, thus preventing the defendants from formulating a defense to her claims.  Consequently, while an adverse inference would ultimately be fatal to Ms. Carvel's claims, it would be unfair to require the defendant to expend resources to reach the inevitable result of dismissal.

Conclusion

For the reasons set forth above, I recommend that the remaining claims against McCarthy Fingar LLP, Joel Aurnou, and Frank Streng be dismissed for failure to prosecute and the case be closed.  Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from this date to file written objections to this Report and Recommendation.  Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of the Honorable Lewis A. Kaplan, Room 1310, and to the chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007.  Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*[signature: James C. Francis IV]*

JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated:     New York, New York
           August 1, 2011

Copies mailed this date to:

Pamela Carvel
P.O. Box 460006
Fort Lauderdale, Florida 33346

Joseph J. Brophy, Esq.
Dina Aversano, Esq.
McCarthy Fingar LLP
11 Martine Avenue, 12th Floor
White Plains, New York 10606